**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| **MICHAEL DEAN JACKSON,** <br>   **Plaintiff,** <br><br> **V.** <br><br> **CAROLYN W. COLVIN,** <br> **Acting Commissioner of Social Security,** <br>   **Defendant.** | **CIVIL ACTION NO. 5:13-CV-141-KKC** <br><br> **OPINION AND ORDER** |

  The plaintiff Michael Dean Jackson brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for Disability Insurance Benefits. The Court, having reviewed the record, will reverse the Commissioner's decision and remand this matter for further consideration consistent with this opinion.

**FACTUAL AND PROCEDURAL BACKGROUND**

  This Court's review of the Commissioner's decision is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

  In determining whether a claimant has a compensable disability under the Social Security Act (the "Act"), the relevant regulations provide a five-step sequential process which the ALJ must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

 (1) If the claimant is currently engaged in substantial gainful activity, he is not disabled. If he is not engaged in such activity, then the ALJ must proceed to step two.

(2) If the claimant's impairment or combination of impairments is not "severe," meaning the impairment(s) significantly limit his physical or mental ability to do basic work activities, he is not disabled. If the claimant's impairments are severe, then the ALJ must proceed to step three.

(3) If the claimant has a severe impairment or combination of impairments that meets or equal(s) in severity an impairment listed in 20 C.F.R. 404, Subpart P, Appendix 1 (the Listing of Impairments), he is disabled. If not, then the ALJ must proceed to step four.

(4) If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled. If it does, then the ALJ must proceed to step five.

(5) If other work exists in the national economy that accommodates the claimant's residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Id*.

Jackson filed an application for disability insurance benefits prior to the one currently under review. (AR at 42.) That application was denied by an ALJ by a decision dated November 5, 2010. Accordingly, the relevant time period for Jackson's current application begins November 6, 2010, the day after the decision on his prior application.

The ALJ deciding Jackson's most recent application began his analysis at step one by determining that Jackson has not engaged in substantial gainful activity since November 6, 2010. (Administrative Record ("AR") at 18.) At step two, the ALJ determined that Jackson suffers from the following severe impairments: lumbar degenerative disc disease status post remote history of resection of spinal cord ependymoma, with a small herniation at the L5/S1 level; status post bilateral carpal tunnel release surgeries; cervical degenerative disc disease with disc herniation at the C5/6 level; anxiety not otherwise specified. (AR at 18.) At step three, the ALJ

found the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 18-A.)

The ALJ determined that Johnson has the residual functional capacity (RFC) to perform less than a full range of light and sedentary work. (AR at 19.) The ALJ further determined:

> He is able to lift/carry up to 20 pounds occasionally and ten pounds more frequently; stand/walk a total of two hours in an eight-hour day but no prolonged walking or standing in excess of 45 minutes without interruption. He cannot climb ropes, ladders or scaffolding, or crawl; is occasionally abl[e] to climb stairs or ramps; can occasionally stoop, kneel or crouch; and may require a cane for prolonged ambulation. He can perform occasional work with his hands overhead but should not operate foot pedal controls. He cannot perform work requiring frequent flexion or extension of the neck/head; frequent bilateral handling or fingering; and cannot be exposed to concentrated vibration, temperature extremes, or industrial hazards. He requires entry-level work with no frequent changes in work routines and only occasional and casual contact with coworkers, supervisors or the general public.

(AR at 19.)

At step four, the ALJ found that Jackson was unable to perform any of his past relevant work as a factory worker. (AR at 20.)

At step five, however, the ALJ determined that, given the described RFC, Jackson could perform jobs that exist in significant numbers in the national economy and, thus, he was not disabled. (AR at 21.)

## ANALYSIS

The Court construes Jackson's brief to argue that the ALJ failed to include the appropriate restrictions on sitting in the hypothetical presented to the vocational expert at the hearing. In the hypothetical at issue, the ALJ asked the vocational expert the job prospects of a person with various restrictions including the ability to sit for only six hours. The ALJ testified that such a person could perform "unskilled clerical jobs at the sedentary level." (AR at 634.)

Jackson testified at his hearing that if he sits for more than an hour, he cannot get up because "my back and my legs are so stiff that I can't hardly move." (AR at 627.) In his RFC finding, the ALJ did not mention any restrictions on sitting. It appears, however, from the hypothetical presented to the vocational expert and the ALJ's disability conclusion that the ALJ found that Jackson could sit for six hours. (AR at 633; DE 12, Comm'r's Brief at 4 n. 5.)

The ALJ found Jackson only partially credible regarding the nature of his impairments and not credible at all regarding his assertion that he could not perform any full time work. The ALJ explained that he carefully observed Jackson during the hearing and that Jackson was not in any obvious pain or discomfort while sitting during the proceedings. (AR at 20.) The hearing, however, only lasted about 40 minutes.

In his brief, Jackson cites a report by Dr. James Owen who examined Jackson and opined that he could sit less than two hours during an 8-hour day. (AR at 531.) Likewise, in February 2011, Jackson's treating physician, Dr. Michael Boyd, opined that Jackson could not do sustained hard work while sitting for a 6-8 hour day. (AR at 540.)

The ALJ rejected both of these opinions, finding they were inconsistent with the updated treatment notes of Dr. Boyd and Dr. Bradley Gray. In his notes from February 14, 2012, Dr. Boyd states that Jackson sought treatment on that date for chest pain and congestion and the doctor prescribed antibiotics. (AR at 488.) There is very little information in the notes relevant to the ability to sit for prolonged periods. Dr. Gray's notes dated March 11, 2011 state that Jackson stated that he still experiences "great pain" even with pain medication. (AR at 485.) Nothing in the updated treatment notes is inconsistent with Dr. Boyd's opinion that Jackson could not do sustained hard work while sitting for six to eight hours. Accordingly, the ALJ's rejection of Dr. Boyd's opinion is not supported by substantial evidence.

Jackson also argues that the ALJ erred in finding that Jackson could perform "frequently bilateral handling and fingering" and including that ability in his hypothetical to the vocational expert. "Frequent" means from one-third to two-thirds of the workday. Program Policy Statement SSR 83-14, 1983 WL 31254, at *5 (S.S.A. 1983). Jackson cites no medical evidence in the record that indicates he could not perform handling and fingering as described by the ALJ in his hypothetical. He cites only a report by Dr. Jack Reed who specifically states that Jackson's handling and fingering is limited to "frequent." (AR at 93.) The ALJ did not err in making this finding.

Finally, Jackson complains that the ALJ did not consider the Disability Field Office Report in which it was noted that Jackson had difficulty with sitting during the interview and that "[e]ven with a cane he walk[ed] off balance and his face expressed great pain." (AR at 154-55.) The ALJ did not discuss this report in his decision. But this does not necessarily mean it was not considered. *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004). ALJs are not required to discuss every piece of evidence in the record. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (6th Cir.2005). What is important is that the ALJ's opinion is supported by substantial evidence. The Court has determined that, in this case, it is not and, accordingly, the ALJ's decision will be reversed and this matter will be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a reevaluation of Dr. Boyd's opinion.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 9) is **GRANTED** to the extent that he requests a remand of this matter. The motion is otherwise **DENIED**;

2. The defendant's motion for summary judgment (DE 12) is **DENIED**;

3. The decision of the Commissioner is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and this matter is remanded to the Commissioner for proceedings consistent with this opinion; and

4. A judgment will be entered contemporaneously with this order.

Dated September 10, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY